STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>BRIEN SMITH, an individual; and FULLTHROTTLETV.NET, an entity of unknown origin and nature,<br><br>Defendants. | Case No.: 2:10-cv-1031<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Brien Smith ("Mr. Smith") and Fullthrottletv.net ("Full Throttle"; collectively with Mr. Smith known herein as the "Defendants"), on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Smith is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant, administrative contact, and technical contact for the Internet domain found at <fullthrottletv.net> (the "Domain").

5. Full Throttle claims, and has claimed at all times relevant to this lawsuit, ownership of the copyright(s) in the literary works posted as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website"), as evidenced by a copyright notice displayed on the Website: "© 2010 FULLTHROTTLETV.NET."

6. Full Throttle is, and has been at all times relevant to this lawsuit, an entity of unknown origin and nature.

7. Attempts to find evidence of the formal organizational status in the respective Secretary of State offices of Delaware, California, Illinois, New York, Texas, Tennessee, and Nevada demonstrate that, at least with respect to these states, Full Throttle is not a formally organized business entity.

**JURISDICTION**

8. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

9. Righthaven is the owner of the copyright in the literary work entitled: "Pulver again hints at retirement after loss" (the "Work"), attached hereto as Exhibit 1.

10. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas Review-Journal.

11. The Defendants willfully copied, on an unauthorized basis, a substantial and significant portion of the Work from a source emanating from Nevada.

12. On or about March 9, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, on the Website.

13. At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas Review-Journal.

14. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas Review-Journal.

15. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

16. The Defendants purposefully direct and effectuate the unauthorized reproduction of a Righthaven-owned copyrighted work on the Website.

17. Mr. Smith purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

18. Full Throttle purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

19. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, contact information for nine Nevada-based mixed martial arts schools, and such contacts have been in existence at least in excess of six months.

20. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, information about Las Vegas, Nevada-based mixed martial arts events, and such contacts have been in existence at least in excess of six months.

21. The Defendants' contacts with Nevada are continuous and systematic because the Defendants posted and post, on the Website, links to external web pages displaying videos of Las

3

Vegas, Nevada-based mixed martial arts fights, and such contacts have been in existence at least in excess of six months.

22. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, an "Event Calendar" advertising upcoming Las Vegas, Nevada-based mixed martial arts events, and such contacts have been in existence at least in excess of six months.

**VENUE**

23. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

**FACTS**

24. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

25. Righthaven is the owner of the copyright in and to the Work.

26. The Work was originally published on March 9, 2010.

27. On June 7, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007157071 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

28. No later than March 9, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

29. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

30. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

31. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 30 above.

32. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

33. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

34. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

35. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

36. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

37. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

38. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

39. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

40. Brien Smith has willfully engaged in the copyright infringement of the Work.

41. Full Throttle has willfully engaged in the copyright infringement of the Work.

42. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

43. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus

entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated this twenty-fifth day of June, 2010.

RIGHTHAVEN LLC

By: /s/ Joseph C. Chu
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff